*193 Russell Lloyd, Justice
Appellant Peter Q. Pichini, Jr. challenges the county court's order dismissing his appeal from the justice court's judgment entered in favor of appellee, Federal National Mortgage Association, in its forcible detainer action. In his sole issue, Pichini contends that the county court erred in dismissing his appeal because his failure to timely pay the filing fee did not affect the court's jurisdiction.[1] We affirm.
Background
On April 6, 2017, Federal National Mortgage Association a/k/a Fannie Mae ("Fannie Mae") filed its original petition for forcible detainer in the Justice Court of Williamson County, Precinct Three, seeking to evict Pichini from the property located at 1725 Cactus Mound Drive, in Leander, Texas. On April 18, 2017, the justice court rendered judgment in favor of Fannie Mae.
On April 21, 2017, Pichini posted an appeal bond in the county court. On April 26, 2017, the county clerk sent notice to Pichini's attorney that it had received the transcript of the proceedings from the justice court and advised him that the filing fee "must be paid within 20 days upon receipt of this letter or the case will be returned to the JP Court No. 3." The record reflects that the letter was delivered on April 28, 2017. Thus, the filing fee was due no later than May 18, 2017.
After Pichini did not pay the fee as directed, the county court found that he had failed to perfect his appeal and dismissed the appeal on May 19, 2017. Pichini filed a motion to reinstate his appeal. The county court denied the motion on June 19, 2017.
Standard of Review
Subject matter jurisdiction is a legal question which we review de novo. See Dep't of Parks & Wildlife v. Miranda , 133 S.W.3d 217, 226 (Tex. 2004) ; Tex. Natural Res. Conservation Comm'n v. IT-Davy , 74 S.W.3d 849, 855 (Tex. 2002). Accordingly, we review a county court's dismissal of an appeal from a justice court under a de novo standard. See Laird v. Benton , 470 S.W.3d 572, 574 (Tex. App.-Houston [1st Dist.] 2015, no pet.).
Discussion
In his sole issue, Pichini argues that the county court erred in dismissing his appeal because his failure to timely pay the filing fee did not affect the court's jurisdiction.
Texas Rule of Civil Procedure 506.1, which governs an appeal from a justice court to a county court, provides, in relevant part, as follows:
(a) How Taken; Time. A party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied.
....
(h) Appeal Perfected. An appeal is perfected when a bond, cash deposit, or Statement of Inability to Afford *194 Payment of Court Costs is filed in accordance with this rule.
(i) Costs. The appellant must pay the costs on appeal to a county court in accordance with Rule 143a.
TEX. R. CIV. P. 506.1 . Rule 143a, entitled "Costs on Appeal to County Court," provides:
If the appellant fails to pay the costs on appeal from a judgment of a [justice court] within twenty (20) days after being notified to do so by the county clerk, the appeal shall be deemed not perfected and the county clerk shall return all papers in said cause to the [justice court] having original jurisdiction and the [justice court] shall proceed as though no appeal had been attempted.
TEX. R. CIV. P. 143a. Thus, to perfect an appeal to a county court from a justice court, an appellant must (1) file an appeal bond, cash deposit in lieu of a bond, or a sworn statement of inability to pay, and (2) pay to the county clerk, within twenty days after being notified to do so by the county clerk, the costs of appeal. TEX. R. CIV. P. 143a, 506.1 ; James v. Minter , No. 01-15-00876-CV, 2017 WL 631836, at *2 (Tex. App.-Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op.). Compliance with both requirements is jurisdictional. James , 2017 WL 631836, at *2 ; Watkins v. Debusk , 286 S.W.3d 58, 60 (Tex. App.-El Paso 2009, no pet.) ; see also Martin v. Fed. Nat'l Mortg. Ass'n , No. 04-15-00233-CV, 2016 WL 1588517, at *2 (Tex. App.-San Antonio Apr. 20, 2016, no pet.) (mem. op.) ("The payment of costs after receipt of the county clerk's notice is a jurisdictional requirement").
Here, Pichini does not dispute that he failed to timely pay the filing fee in the county court. Rather, he argues that he perfected his appeal when he filed an appeal bond with the justice court and deposited funds into the registry of the court, and that his failure to pay the filing fee before the expiration of twenty days did not affect the jurisdiction of the court. His argument is without merit. As previously noted, the plain language of rule 143a mandates that, upon the expiration of the twenty-day period, Pichini's appeal be "deemed not perfected." TEX. R. CIV. P. 143a ("If the appellant fails to pay the costs on appeal from a judgment of a [justice court] within twenty (20) days after being notified to so by the county clerk, the appeal shall be deemed not perfected...."); James , 2017 WL 631836 at *4 ; see also McGaughy v. Lamm , No. 03-99-00643-CV, 2000 WL 147649, at *2 (Tex. App.-Austin Feb. 10, 2000, no pet.) (not designated for publication) (" Rule 143a mandates that [the defendant's] appeal be 'deemed not perfected' ").[2] Because Pichini did not pay the filing fee before expiration of the twenty-day period, the county court did not err in deeming Pichini's appeal not perfected and dismissing his appeal. Accordingly, we overrule his issue.
Conclusion
We affirm the county court's order dismissing Pichini's appeal.

Pursuant to its docket equalization authority, the Supreme Court of Texas transferred this appeal from the Court of Appeals for the Third District of Texas to this Court. See Misc. Docket No. 17-9035, Transfer of Cases from Courts of Appeals (Tex. Mar. 28, 2017); see also Tex. Gov't Code Ann . § 73.001 (West 2013) (authorizing transfer of cases).

In support of his argument, Pichini relies on Advance Imports, Inc. v. Gibson Products Co., Inc. , 533 S.W.2d 168, 170 (Tex. Civ. App.-Dallas 1976, no writ) ("[W]e hold that failure to pay the [filing] fee does not affect the jurisdiction of the county court."). However, as that court noted, "[t]he trial court's order of dismissal was entered before the effective date of Tex. R. Civ. P. 143a...." Id. at 171 n.1.