**Dismissed and Opinion Filed March 19, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00555-CV**

**NAZARIO CHAVEZ, Appellant**
**V.**
**XIAMORA M. HERNANDEZ AND ARMANDO HERNANDEZ, Appellees**

**On Appeal from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-23-00864-D**

## MEMORANDUM OPINION

Before Justices Garcia, Breedlove, and Kennedy
Opinion by Justice Breedlove

Appellant Nazario Chavez filed suit against appellees Xiamora M. Hernandez and Armando Hernandez in justice court seeking damages. The court rendered a take-nothing judgment in appellees' favor. Chavez filed an appeal in the County Court at Law No. 4. That court dismissed the case, ruling that it lacked jurisdiction. We conclude that the county court lacked jurisdiction because Chavez did not timely file his appeal there, and this Court likewise lacks jurisdiction. Accordingly, we dismiss this appeal.

## BACKGROUND

Chavez rented a room from appellees. The parties did not sign a lease agreement, but Chavez timely made rent payments. Disputes arose between the parties about the condition of the premises, and Chavez moved out at appellees' request. On March 18, 2022, Chavez sued appellees in justice court for "wrongful eviction, breach of contract, slander, defamation, fraud, and negligence," alleging damages of $1200. The justice court rendered judgment for appellees on October 7, 2022, ruling that Chavez take nothing on his claims.

Chavez appealed to county court, where the case was tried de novo on April 3, 2023. The county court signed an order on April 13, 2023, dismissing the case on the ground that the court "had no jurisdiction to act." This appeal followed.

Chavez asserts fourteen issues complaining that the trial court abused its discretion regarding pretrial discovery and motions, "applying the law of default judgment," admitting and evaluating the evidence, and failing to excuse his late filings that he argues were the result of a clerk's error. He also complains of errors in the clerk's and reporter's records. Because the trial court's dismissal was the result of its conclusion that it lacked jurisdiction, however, we consider that question first.

## DISCUSSION

"Whether a trial court has jurisdiction to decide a matter is a question of law, which we review de novo." *Triple Crown Moving & Storage, LLC v. Ackerman*, 632 S.W.3d 626, 631 (Tex. App.—El Paso 2020, no pet.). In an appeal from justice court

to county court, compliance with certain requirements is jurisdictional. *Pichini v. Fed. Nat'l Mortgage Ass'n*, 569 S.W.3d 192, 194 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

Under civil procedure rule 506.1, a party may appeal a justice court judgment by filing a bond, cash deposit, or statement of inability to pay costs "within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied." TEX. R. CIV. P. 506.1(a). The justice court judgment was signed on October 7, 2022. Accordingly, Chavez's bond and notice of appeal were due twenty-one days later, on October 28, 2022. The record reflects that Chavez's bond and notice of appeal were not filed until January 13, 2023, ninety-eight days after the judgment was signed.

The rules do permit certain extensions of time, but none applies here. A party may file a motion for new trial in justice court, but the motion must be filed "no later than 14 days after the judgment is signed," here, by October 21, 2022. TEX. R. CIV. P. 505.3(c). Accordingly, Chavez's motion for new trial filed on October 25, 2022, was not timely. *Id.* Even if timely filed, the motion was "automatically denied at 5:00 p.m." on October 28, 2022, "the 21st day after the judgment was signed," TEX. R. CIV. P. 505.3(e), and would have extended the time to appeal only until November 18, 2022. TEX. R. CIV. P. 506.1(a) (party may appeal within twenty-one days after motion for new trial denied). Under rule 507.1, the justice court lost plenary power

on October 28, 2022, twenty-one days after the judgment was signed. TEX. R. CIV. P. 507.1.

Chavez filed a motion to extend time to file his notice of appeal in the justice court on January 13, 2023. In his motion, he alleged that he had mailed his notice of appeal on October 27, 2022. He argued that the notice and appeal bond "were lost in the mail due to some court closures or administrative reasons" that were "not revealed until January 9, 2023, after [Chavez] called the court clerk and requested what the delay was about." He argued that the failure to file before the deadline "was not deliberate but was the result of inadvertence, mistake, or mischance." Although he included an affidavit stating that "[a]n Appeal Bond was signed and mailed to arrive by mail on 10/27/22 due to court closures and administrative reasons as described over the telephone," he did not include any supporting evidence, and he conceded that the court had received his other post-judgment filings, including his request for findings of fact and conclusions of law filed on October 20, 2022, and his motion for new trial filed on October 25, 2022. The justice court denied Chavez's motion to extend time to file his notice of appeal, ruling that the appeal was not timely filed and the court's plenary power had expired.

The case then proceeded to a trial de novo in County Court at Law No. 4 on April 3, 2023. *See* TEX. R. CIV. P. 506.3 (appeal from justice court must be tried de novo in the county court). Chavez appeared pro se. The trial court took judicial notice of the justice court's file, and also considered additional documents Chavez

–4–

submitted, including photographs of the premises and an "incident detail report" showing a complaint by Chavez in January 2023 that his mail had been stolen. The trial court took the case under advisement to review the record and "to figure out whether I have jurisdiction." As we have noted, the court dismissed the case for want of jurisdiction on April 13, 2023.

We conclude the trial court did not err by dismissing the case. To perfect his appeal to county court, Chavez was required to file an appeal bond, cash deposit, or affidavit of inability to pay within twenty-one days after the justice court judgment was signed. TEX. R. CIV. P. 506.1(a), (h). He did not do so. Compliance with this requirement is jurisdictional. *Pichini*, 569 S.W.3d at 194. Because the county court at law lacked jurisdiction to entertain Chavez's appeal, this Court is likewise without jurisdiction. *See Almahrabi v. Booe*, 868 S.W.2d 8, 10 (Tex. App.—El Paso 1993, no writ). Accordingly, we dismiss this appeal this appeal for lack of jurisdiction. *See id.*

## CONCLUSION

This appeal is dismissed.

/Maricela Breedlove/
MARICELA BREEDLOVE
230555f.p05                                    JUSTICE

–5–



## Court of Appeals
## Fifth District of Texas at Dallas
## JUDGMENT

NAZARIO CHAVEZ, Appellant

No. 05-23-00555-CV     V.

XIAMORA M. HERNANDEZ and
ARMANDO HERNANDEZ,
Appellees

On Appeal from the County Court at
Law No. 4, Dallas County, Texas
Trial Court Cause No. CC-23-00864-
D.
Opinion delivered by Justice
Breedlove. Justices Garcia and
Kennedy participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees Xiamora M. Hernandez and Armando Hernandez recover their costs of this appeal from appellant Nazario Chavez.

Judgment entered this 19th day of March, 2024.