**AFFIRMED and Opinion Filed September 5, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00635-CV**

_____

**ANTHONY WRIGHT AND TRANISE SMITH, Appellants**
**V.**
**VILLAGE ON THE GREEN, PEAK AUTO STORAGE, AND SONYA MOKRY, Appellees**

**On Appeal from the County Court at Law No. 1**
**Collin County, Texas**
**Trial Court Cause No. 001-03356-2022**

# MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

This case arises out of a tow hearing under TEX. OCC. CODE ANN. § 2308.458 to determine whether probable cause existed for the removal and placement of Anthony Wright and Tranise Smith's (together, "appellants") vehicle. The JP Court found that probable cause existed for the tow and the charges were authorized by statute.

Appellants appealed to the County Court raising new causes of action that were unrelated to the tow hearing and did not file a bond. The County Court dismissed Appellants' case for want of jurisdiction.

In a 260 page brief with attachments, Appellants, appearing pro se, raise twenty-one issues, arguing inter alia, that the County Court erred in dismissing their case for lack of jurisdiction. As discussed below, we affirm the trial court's order.

## I. BACKGROUND

After Appellants' vehicle was towed, they filed a request for a hearing to determine if probable cause existed for the removal and placement of their vehicle under TEX. OCC. CODE ANN. §2308.458. The JP Court held a hearing, determined there was probable cause for the tow, and ordered that Appellants take nothing as a result.

Appellants filed an "Original Petition for Appeal and Motion for Summary Judgment" (the "Petition") in the County Court at Law. The Petition asserted claims against Village on the Green, Sonya Mokry, and Peak Auto for: (1) breach of fiduciary duty; (2) violations of the Texas Deceptive Trade Practices–Consumer Protection Act; (3) violations of Sections 2303.204, 2303.155, 2303.1015, and 2303.302 of the Texas Occupational Code; (4) violations of Chapter 209.006 of the Texas Residential Property Owners Protection Act; (5) civil rights violations under 42 U.S.C. 1983; (6) violations of Article I, Section 3 of the Texas Constitution; (7) violations of Section 82.102 of the Texas Property Code; and (8) negligence. Notably, the Petition did not challenge the JP Court's determination that probable cause existed for the tow, and Appellants did not post a bond.

The County Court set the matter for hearing. Appellants' failure to post a bond was raised at the hearing and the court dismissed the appeal for want of jurisdiction.

Appellants subsequently filed a "Motion for Jurisdiction and to Set Aside Hearing." The trial court conducted an additional hearing, where Appellants argues that no bond was required for a tow hearing appeal. Appellees argued a bond was required because the Petition raised causes of action outside the scope of a tow hearing. The court affirmed its dismissal for lack of jurisdiction, concluding that Appellants were required to file an appeal bond. This appeal followed.

## II.  ANALYSIS

### A.  Dismissal for Lack of Jurisdiction

Appellant's first two issues argue the trial court's dismissal was erroneous because TEX. OCC. CODE ANN. §2308.459 removed the bond requirement and they were denied de novo review.

An issue involving a court's subject matter jurisdiction is a question of law subject to de novo review. *See Tex. Dep't of Transp. v. A.P.I. Pipe & Supply, LLC*, 397 S.W.3d 162, 166 (Tex. 2013). Likewise, whether an appellant perfected an appeal is also a question of law that we review de novo. *See Pichini v. Federal Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 193 (Tex. App.—Houston [1st Dist.] 2018, no pet.).

A tow hearing under is brought before the justice court in the county in which the vehicle was towed. *See* TEX. OCC. CODE ANN. § 2308.453. 2308.453. A tow hearing is limited to the determination of the following issues:

(1) whether probable cause existed for the removal and placement of the vehicle; (2) whether a towing charged imposed or collected in connection with the removal or placement of the vehicle was greater than the amount authorized by the political subdivision under Section 2308.201 or 2308.202; (3) whether a towing charge imposed or collected in connection with the removal or placement of the vehicle was greater than the amount authorized under Section 2308.203; or (4) whether a towing charge imposed or collected in connection with the removal or placement of the vehicle was greater than the amount authorized under Section 2308.0575.

TEX. OCC. CODE ANN. § 2308.458; *see also Torres v. Cont'l Apartments*, No. 05-18-002150-CV, 2019 WL 2211478, at *2 (Tex. App.—Dallas May 21, 2019, pet. denied) ("[T]he scope of the hearing held pursuant to Chapter 2308 of the Texas Occupations Code is limited to the following issues: (1) whether probable cause existed for the removal and placement of the vehicle; and (2) whether a towing charge imposed or collection was greater than the amount statutorily authorized").

Appellants are correct that an appeal from a tow hearing does not require a bond. Specifically, the statute provides that an appeal from a tow hearing "is governed by the rules of procedure applicable to civil cases in justice court, *except that no appeal bond may be required*." TEX. OCC. CODE § 2308.459 (emphasis added).

In the present case, however, Appellants did not appeal the JP Court's probable cause determination in the underlying tow hearing. Instead, Appellants raised new causes of action that were not within the scope of a tow hearing under TEX. OCC. CODE ANN. § 2308.458. A county court at law lacks jurisdiction on appeal de novo unless the justice court had jurisdiction. *Goggins v. Leo*, 849 S.W.2d 373,

375 (Tex. App.— Houston [14th Dist.] 1993, no writ); *see also Rice v. Pinney*, 51 S.W.3d 705, 707 (Tex. App.—Dallas 2001, no pet.) (appellate jurisdiction of county court is confined to the jurisdictional limits of the justice court and county court has no jurisdiction over an appeal unless the justice court had jurisdiction). Therefore, for an appeal of a tow hearing under TEX. OCC. CODE § 2308.458, the county court lacks jurisdiction over claims that are outside the scope of a tow hearing. *See Torres*, 2019 WL 2211478, at * 2 ("As these allegations were not proper claims to be addressed during the tow hearing, the county court would have lacked jurisdiction to address them."); *see also Badaiki v. Miller*, No. 14-17-00450-CV, 2019 WL 922289, at *3 (Tex. App.—Houston Feb. 26, 2019, no pet.) ("To the extent [appellant] intended to raise breach of contract as a separate cause of action in addition to arguing that there was no probable cause for the tow, the claim was not a proper subject for the tow hearing.").

Thus, regardless of whether Appellants posted a bond, the County Court had no jurisdiction to conduct a de novo review of claims over which the JP Court had no jurisdiction and which were not before the JP Court at the tow hearing. *See Mortaji v. Parking Mgmt. Co.*, No. 14-22-00318-CV, 2023 WL 2585816, at *1 (Tex. App.—Houston 14th Dist. March 21, 2023, no pet.) (mem. op.). We resolve Appellants' first two issues against them.

**B.    Appellants' Remaining Issues**

Appellants' brief identifies nineteen additional issues. As we understand the issues, they raise matters that were not before the courts below. Moreover, the brief fails to comply with TEX. R. APP. P. 38.

A civil litigant has the right to represent himself at trial and on appeal. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.). But the right of self-representation on appeal carries with it the duty to adhere to the rules of appellate procedure. *See id.* Pro se appellants are held to the same standard as licensed attorneys. *See Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *see also In re N.E.B.*, 251 S.W.3d 211, 211–12 (Tex. App.—Dallas 2008, no pet.) ("We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure.").

Our rules of appellate procedure have specific requirements for the contents of all briefs accepted by the courts. *See* TEX. R. APP. P. 38: *Richardson v. Marsack,* No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.) (discussing specific requirements for briefing). These briefing requirements are mandatory. *M & E Endeavors LLC v. Air Voice Wireless LLC*, Nos. 01-18-00852-CV, 01-19-00180-CV, 2020 WL 5047902, at *7 (Tex. App.—Houston

[1st Dist.] Aug. 27, 2020, no pet.) (mem. op.). Only after receiving adequate briefing may we go on to review the merits of the appeal. *See Bolling*, 315 S.W.3d at 895.

Texas Rule of Appellate Procedure 38.1(i) requires that an appellant's brief "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied); *see also Barham v. Turner Constr. Co. of Tex.*, 803 S.W.2d 731, 740 (Tex. App.—Dallas 1990, writ denied) (appellant bears burden of discussing his assertions of error). The failure to provide substantive analysis of an issue or cite appropriate authority waives a complaint on appeal. *Huey v. Huey*, 200 S.W.3d 851, 854 (Tex. App.—Dallas 2006, no pet.).

Appellants have filed an initial brief, a "corrected brief," and an amended brief in this matter. The amended brief still fails to comply with TEX. R. APP. P. 38. Accordingly, Appellants' remaining issues are waived for inadequate briefing.

Having resolved all of Appellants' issues against them, we affirm the trial court's order dismissing the case for lack of jurisdiction.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230635F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

ANTHONY WRIGHT AND
TRANISE SMITH, Appellants

No. 05-23-00635-CV      V.

VILLAGE ON THE GREEN, PEAK
AUTO STORAGE, AND SONYA
MOKRY, Appellees

On Appeal from the County Court at
Law No. 1, Collin County, Texas
Trial Court Cause No. 001-03356-
2022.
Opinion delivered by Justice Garcia.
Justices Pedersen, III and Smith
participating.

In accordance with this Court's opinion of this date, the trial court's order is **AFFIRMED**.

It is **ORDERED** that appellee VILLAGE ON THE GREEN, PEAK AUTO STORAGE, AND SONYA MOKRY recover their costs of this appeal from appellants ANTHONY WRIGHT AND TRANISE SMITH.

Judgment entered September 5, 2024.