In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-22-00422-CV**
_____

**MARY RUFFIN, Appellant**

**V.**

**GRASSANO PROPERTIES INC., Appellee**

**On Appeal from the County Court at Law No. 1**
**Jefferson County, Texas**
**Trial Cause No. 138,167**

**MEMORANDUM OPINION**

Pro se Appellant Mary Ruffin ("Appellant" or "Ruffin") appeals from an order by the County Court at Law No. 1 for Jefferson County, Texas, finding that she failed to perfect her appeal and remanding the cause to the Justice Court. As explained below, we reverse and remand for a hearing on indigency.

1

Procedural Background

Ruffin filed a pro se original petition in the Justice Court for Precinct 1 in Jefferson County, Texas (hereinafter, "Justice Court") on or about July 18, 2018. Therein, she stated a claim against Grassano Properties, Inc. ("Appellee" or "Grassano") for breach of contract and wrongful eviction, alleging that even though Ruffin had paid for rent and utilities in accordance with her rental contract, the office staff for the apartment complex put a Notice to Vacate on her front door, which instructed her to vacate the premises by August 13, 2017.

On August 8, 2018, Grassano filed a general denial Answer. And on October 24, 2018, Grassano filed its First Amended Verified Answer, asserting a general denial and also alleging: "Plaintiff has sued the wrong party. The party which Plaintiff has sued is not the correct entity and is not Plaintiff's landlord under the Lease, which has been produced in this matter." Grassano then filed a Counterclaim seeking attorney's fees and costs under the Texas Declaratory Judgment Act and stating no further claims.

Ruffin subsequently filed Plaintiff's Amended Original Petition, stating new claims for wrongful eviction, breach of fiduciary duty between landlord and tenant,

2

negligence, and breach of contract and seeking $10,000 in damages, plus costs and attorney's fees.[1]

On October 7, 2022, the Justice Court signed an Order Granting Defendant's Motion for Summary Disposition Pursuant to Texas Rule of Civil Procedure 503.2, dismissing the case with prejudice and ordering that Ruffin pay Grassano $5,225 in attorney's fees.

Ruffin filed in the Justice Court a "Notice to Appeal" on October 11, 2022 and a Statement of Inability to Afford Payment of Court Costs or an Appeal Bond (hereinafter, "Statement of Inability to Pay"), dated October 24, 2022. The Justice Court denied the Statement of Inability to Pay and found that Ruffin had sufficient income "to afford the court cost of $54.00 and the appeal fee of $10.00 totaling $64.00." Ruffin then filed Plaintiff's Appeal by Cash Deposit, stating, in relevant part, "Plaintiff deposits current money of the United States with the court and acknowledges that they are bound to pay the Defendant the amount of [] $500.00, which is the amount of the bond in a Small Claims or Debt Claim case[,]" and this form was signed by the Justice Court on October 26, 2022.

The record reflects that on October 25, 2022, an administrator for the Justice Court informed Ruffin by email that an appeal bond was not presented to the court

---

[1] At some point, Ruffin filed a Motion for Venue Change, which the Justice Court denied. Ruffin also filed a Motion for Recusal, arguing that the Justice Court had not ruled on multiple motions she had filed, which the Justice Court denied.

and also informed Ruffin that the Justice Court had denied her Statement of Inability to Pay because her income was sufficient to afford the $54 filing fee and $10 appeal fee. The Justice Court docket sheet appears to reflect that Ruffin paid these fees on or about October 26, 2022.

On October 28, 2022, the County Clerk sent a letter to the Clerk of the Justice Court stating that it had received an appeal in the case, but the filing was deficient because it did not include "The Petition along with the rest of the case's documents." The letter also stated that the County Court at Law judges do not accept an appeal that does not comply with all filing requirements, and the case was returned to the Justice Court. The record also includes a November 1, 2022 letter from the County Clerk's office to Ruffin stating, in relevant part,

> [P]ursuant to Texas Rules of Civil Procedure Rule 143a, a filing fee of $80.00 [] must be paid to the County Clerk within twenty (20) days of the appeal being filed in this office. Failure to do so will result in your appeal of the case not being perfected, and your case will be remanded back to the court of original jurisdiction as though no appeal had ever been attempted.

Ruffin then filed another Statement of Inability to Pay in the County Court at Law on or about November 17, 2022. The Statement indicated that Ruffin receives retirement or pension income, but did not state the amount, and indicated her monthly income was $1,300. The Statement further indicated that her monthly expenses were $2,640. Ruffin indicated in the Statement that she also receives "Food Assistance[,]" without providing detail or any proof of such assistance. Ruffin also

4

filed a "Motion to Correct the Lower Court Errors in Reference to the Statement of Inability to Afford Payment of Court Cost or an Appeal Bond." The motion makes several complaints about the Justice Court and alleges that it was a hardship for Ruffin to pay $500 to appeal her case. According to Ruffin's motion, "when a party submit[s] an Affidavit of Statement of Inability to Afford Payment of Court Cost or an Appeal Bond, [they] cannot be required to pay cost[s]."

On November 30, 2022, the County Court at Law No. 1 for Jefferson County, Texas signed an Order Remanding Case Back to Justice Court, stating that Ruffin had filed an Appeal Bond but failed to timely pay the filing fee, and for failure to pay the filing fee, her appeal was not perfected. The Order further stated, "ORDERED that the case be REMANDED to the Justice Court from which it originated as though no appeal had ever been attempted and the Judgment in Justice Court is AFFIRMED in its entirety." On December 12, 2022, Ruffin filed her Notice of Appeal to this Court. Attached to her Notice of Appeal is a photocopy of a money order for $80 payable to the County Clerk for Jefferson County, and a notation of "Filing Fee's 138167[.]"

Issues

Appellant states seven issues on appeal, which we quote below:

[] 1: Whether the trial court Justice of Peace (Precinct 1 Place 1) abused its discretion by changing the venue.
[] 2: Whether Justice of Peace Precinct 1 Place 2 abused its discretion for refusing to recuse when grounds of recusal had been satisfied.

5

[] 3: Whether Justice of Peace Precinct 1 Place 2 abused its discretion for failure to obey Tex. R. Civ. P[.] 145.

[] 4: Whether the County Court at Law 1 abused its discretion for failure to obey Tex. R. Civ. P[.] 145.

[] 5: Whether Precinct 1 Place 1 abused its discretion by dismissing the Appellant Case 29068 on an unrelated law suit filed on May 4, 2022 Assigned to Case Number 19750.

[] 6: Whether the Justice of Peace (Precinct 1 of 1) abused its discretion when it denied due process to trial by jury for the Case number 29068 and whether any decision made was an abuse of discretion because of fraud and perjury.

[] 7: Did the trial court abuse[] its discretion when it granted attorney fees.

In response, Appellees argue that this Court lacks jurisdiction over the matter because Appellant failed to perfect her appeal from the Justice Court to the County Court at Law.

Appellant also filed with this Court a "Motion to Sanction" under section 10.001 of the Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.001. We read Appellant's motion to allege that documents filed in the Justice Court were destroyed, and that documents Appellee included in the appendix to its brief support her claim.

Jurisdiction

Appellees contend that this Court lacks jurisdiction over Ruffin's appeal because the County Court at Law lacked jurisdiction due to Ruffin's failure to perfect her appeal. However, Appellee's brief fails to cite legal authority for its argument that this Court lacks jurisdiction over Ruffin's appeal. *See* Tex. R. App. P. 38.1(i)

(requiring an appellate brief to cite to the record and to appropriate legal authority); *Golden v. Milstead Towing & Storage*, Nos. 09-21-00043-CV, 09-21-00044-CV, & 09-21-00045-CV, 2022 Tex. App. LEXIS 2988, at \*4 (Tex. App.—Beaumont May 5, 2022, no pet.) (mem. op.). Even so, we have jurisdiction to determine our jurisdiction. *See M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) ("[W]e are obligated to review sua sponte issues affecting jurisdiction."). Whether a court has jurisdiction is a question of law that we consider de novo. *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020).

The County Court at Law's order on its face disposes of all parties and all claims, so it is a final appealable order. *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.012; *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Merely because the order on its face "remands" the case to the Justice Court and "affirms" the Justice Court's order does not deprive this Court of jurisdiction because a county court may only try a case de novo or dismiss it, and a county court may neither remand nor affirm a justice court's order or judgment. *See Triple Crown Moving and Storage, LLC v. Ackerman*, 632 S.W.3d 626, 636 (Tex. App.—El Paso 2020, no pet.) ("[B]ecause of the de novo nature of the . . . proceedings, a county court does not sit as a true appellate court, and does not review the justice court's decision for legal errors; instead, it tries the case for itself as if no ruling had ever been made in the justice court."); *Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854

7

(Tex. App.—Houston [1st Dist.] 2017, pet. denied) ("The county court at law cannot affirm or reverse the judgment of the justice court."); *Villalon v. Bank One*, 176 S.W.3d 66, 70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("A county court cannot affirm or reverse the judgment of the justice court nor can it remand the cause to the justice court."). A court's order is void to the extent that the court lacked capacity or jurisdiction to render the order. *See State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) (citing *Mapco, Inc. v. Forrest*, 795 S.W.2d 700, 703 (Tex.1990) (per curiam); *Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex. 1987). Therefore, that portion of the County Court at Law's order that purports to "remand" the case to the Justice Court is without effect, and it does not deprive this Court of jurisdiction.

Errors other than jurisdictional deficiencies may be corrected on direct appeal. *See Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985). We conclude that we have jurisdiction to review the County Court at Law's order dismissing Ruffin's appeal to that court because she failed to perfect her appeal by paying required filing fees.

## Analysis

Appellant was pro se in the lower court proceedings and she is pro se on appeal. Generally, we construe an appellant's pro se brief liberally. *See Giddens v. Brooks*, 92 S.W.3d 878, 880 (Tex. App.—Beaumont 2002, pet. denied) ("pro se

8

pleadings and briefs are to be liberally construed[]"). That said, a pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). The brief must articulate the issues we are to decide, and it fails to comply with the rules if we must speculate or guess about the appellant's issues. *Lee v. Abbott*, No. 05-18-01185-CV, 2019 Tex. App. LEXIS 3601, at \*3 (Tex. App.—Dallas May 3, 2019, no pet.) (mem. op.). We are not an advocate for any of the parties, we do not search the record to identify possible or unassigned trial court error, and we do not search for facts or legal authorities that may support a party's position. *Id.*; *see also Golden*, 2022 Tex. App. LEXIS 2988, at \*4; *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (explaining that an appellate court has no duty nor right to perform an independent review of the record and applicable law to determine there was error).

Appellant's pro se brief is disjointed and difficult to follow. Her issues and arguments are confusing and are inadequately briefed. *See* Tex. R. App. P. 38.1(i) (requiring an appellate brief to provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record[]"); *Golden*, 2022 Tex. App. LEXIS 2988, at \*\*4-5; *Serrano v. Union Planters Bank, N.A.*, 162 S.W.3d 576, 578 (Tex. App.—El Paso 2004, pet. denied) (refusing to address seventeen of pro se appellant's eighteen issues because they were "virtually

incomprehensible and nonsensical and do not frame any issues for review by this court"); *Massey v. Royall*, No. 14-02-01260-CV, 2004 Tex. App. LEXIS 719, at *1 (Tex. App.—Houston [14th Dist.] Jan. 27, 2004, no pet.) (mem. op.) (holding that pro se appellant's incomprehensible issue could not be addressed). That said, generally appellate courts should "'reach the merits of an appeal whenever reasonably possible[.]'" *Horton v. Stovall*, 591 S.W.3d 567 570 (Tex. 2019) (quoting *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008)).

Appellee attached several documents to her brief that are not part of the Clerk's Record. With limited exceptions not relevant to this appeal, an appellate court may not consider materials outside the appellate record. *See Atkins-January v. State Off. of Risk Mgmt.*, No. 09-16-00439-CV, 2017 Tex. App. LEXIS 7330, at *5 n.1 (Tex. App.—Beaumont Aug. 3, 2017, no pet.) (mem. op.) (citing *In re K.M.*, 401 S.W.3d 864, 866 (Tex. App.—Houston [14th Dist.] 2013, no pet.)); *Fox v. Wardy*, 234 S.W.3d 30, 33 (Tex. App.—El Paso 2007, pet. dism'd w.o.j.) ("The attachment of documents as exhibits or appendices to briefs is not formal inclusion in the record on appeal and, therefore, the documents cannot be considered."). We likewise have no basis to grant Appellant's motion for sanctions because it pertains to alleged conduct in the Justice Court, and we deny Appellant's motion.

Appellant's issues 1 through 3 and 5 through 7 allege errors by the Justice Court. The Justice of the Peace Court is not a court of record, so there is no record

in a justice court. *See Golden*, 2022 Tex. App. LEXIS 2988, at \*5. An appeal from the Justice Court to the County Court at Law is de novo, and the County Court at Law does not review any alleged errors made by the Justice Court, nor does this Court. *See id.*; *Ackerman*, 632 S.W.3d at 631, 636; *see also* Tex. R. Civ. P. 506.3. Because we have no basis for reviewing any alleged legal errors committed by the Justice Court, we overrule Appellant's issues 1 through 3 and 5 through 7. *See Ackerman*, 632 S.W.3d at 636-37.

Appellant's remaining issue (number 4) argues that the County Court at Law abused its discretion by not following Texas Rule of Civil Procedure 145. Appellant argues that she was told she did not need to pay filing fees and that appeal fees were waived because she filed a Statement of Inability to Pay. As to Appellant's first argument, she cites to a page in the Clerk's Record that is a photocopy of a money order made payable to the County Clerk for Jefferson County, Texas. Nothing on this page lends support to Appellant's assertion that she was told she did not need to pay filing fees. As to Appellant's second argument, we note that the record includes two Statements of Inability to Pay—one filed with the Justice Court and which the Justice Court denied, and one filed with the County Court at Law.

As to the Statement of Inability to Pay filed in the Justice Court, the Justice Court found that she had sufficient income to afford the court costs and appeal fee and denied her application. Generally, a trial court's ruling on a challenge to a

11

Statement of Inability to Pay is reviewable under an abuse of discretion standard. *See Strickland v. iHeartMedia, Inc.*, 668 S.W.3d 34, 37 (Tex. App.—San Antonio 2022, no pet.). However, as explained above, we lack jurisdiction to review alleged error by the Justice Court. *See Golden*, 2022 Tex. App. LEXIS 2988, at *5; *Ackerman*, 632 S.W.3d at 631, 636.

We next address Appellant's second Statement of Inability to Pay that she filed with the County Court at Law. Texas Rule of Civil Procedure 506.1 governs an appeal from a justice court to a county court, and provides, that "[a] party may appeal a judgment by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within 21 days after the judgment is signed or the motion to reinstate, motion to set aside, or motion for new trial, if any, is denied." Tex. R. Civ. P. 506.1(a). The Rule further provides that if a contest to a party's Statement of Inability to Afford Payment of Court Costs is sustained, the party may appeal that decision by filing notice with the justice court within 7 days of that court's written order, and the justice court must forward the matter to the county court for resolution. Tex. R. Civ. P. 506.1(d). "The county court must set the matter for hearing within 14 days and hear the contest de novo, as if there had been no previous hearing, and if the appeal is granted must direct the justice court to transmit to the clerk of the county court the transcript, records, and papers of the case, as provided in these rules." *See* Tex. R. Civ. P. 506.1(d)(3).

Appellee did not complain in the trial court, nor does it complain on appeal, that Ruffin's filings in the County Court at Law were untimely.

To perfect an appeal to a county court from a justice court, an appellant must (1) file an appeal bond, cash deposit in lieu of a bond, or a sworn statement of inability to pay, and (2) pay to the county clerk, within 20 days after being notified to do so by the county clerk, the costs of appeal. *See Pichini v. Fed. Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 194 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (citing Tex. R. Civ. P. 143a, 506.1; *James v. Minter*, No. 01-15-00876-CV, 2017 Tex. App. LEXIS 1363, at *5 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet.) (mem. op.)); *see also Mahrou v. White*, No. 03-22-00058-CV, 2023 Tex. App. LEXIS 5830, at *11 (Tex. App.—Austin Aug. 4, 2023, no pet.) (mem. op.) (explaining that a party seeking to appeal from a justice court to a county court is required to "pay the costs on appeal *to the county court* in accordance with Rule 143a[]") (citing Tex. R. Civ. P. 143a) (emphasis added). In this case, the record reflects that Ruffin paid a cash deposit in lieu of a bond, but it does not show that she paid the costs of appeal to the county clerk, and instead she filed a Statement of Inability to Pay in the County Court.

A party who files a statement of inability to afford costs cannot be required to pay costs unless certain procedural requirements have been satisfied. *See Strickland*, 668 S.W.3d at 36 (citing Tex. R. Civ. P. 145(a), (f)). A party who files the statement

13

(the declarant) must be given 10 days' notice or an oral evidentiary hearing, and such a hearing must be held. *See id.* (citing Tex. R. Civ. P. 145(f)(1)). "At the hearing, the burden is on the declarant to prove the inability to afford costs." *Id.* "The test for determining indigence is straightforward: Does the record as a whole show by a preponderance of the evidence that the [declarant] would be unable to pay the costs, or a part thereof, or give security therefor, if he really wanted to and made a good-faith effort to do so?" *Higgins v. Randall Cnty. Sheriff's Off.*, 257 S.W.3d 684, 686 (Tex. 2008) (citations omitted). When a statement has been filed, the declarant must not be ordered to pay costs unless these procedural requirements have been satisfied:

(1) *Notice and Hearing*. The declarant must not be required to pay costs without an oral evidentiary hearing. The declarant must be given 10 days' notice of the hearing. Notice must either be in writing and served in accordance with Rule 21a or given in open court. At the hearing, the burden is on the declarant to prove the inability to afford costs.
(2) *Findings Required*. An order requiring the declarant to pay costs must be supported by detailed findings that the declarant can afford to pay costs.
(3) *Partial and Delayed Payment*. The court may order that the declarant pay the part of the costs the declarant can afford or that payment be made in installments. But the court must not delay the case if payment is made in installments.
(4) *Order Must State Notice of Right to Appeal*. An order requiring the declarant to pay costs must state in conspicuous type: "You may challenge this order by filing a motion in the court of appeals within 10 days after the date this order is signed. *See* Texas Rule of Civil Procedure 145."

Tex. R. Civ. P. 145(f); *see also Strickland*, 668 S.W.3d at 36-37. "An uncontested affidavit of inability to pay is conclusive as a matter of law." *Equitable Gen. Ins. Co.*

14

*of Tex. v. Yates*, 684 S.W.2d 669, 671 (Tex. 1984). "It is an abuse of discretion for any judge . . . to order costs in spite of an uncontested affidavit of indigence." *Campbell v. Wilder*, 487 S.W.3d 146, 152 (Tex. 2016); *see also Strickland*, 668 S.W.3d at 37 (citing *Higgins*, 257 S.W.3d at 688-89). Because there is no evidence in the record contesting Ruffin's Statement of Inability to Pay filed with the County Court at Law and no evidence in the record that the County Court at Law held a hearing under Rules 145(f) and 506.1(d)(3) or that it made detailed findings as required by Rule 145(f), we conclude that the trial court abused its discretion by ruling that Ruffin had failed to perfect her appeal because she failed to pay the filing fee. *See Strickland*, 668 S.W.3d at 38-39.

We have overruled Appellant's issues 1 through 3 and 5 through 7, and we sustain Appellant's issue 4. We deny Appellant's motion for sanctions. We reverse the County Court at Law's Order Remanding Case Back to Justice Court, and we remand the case to the County Court at Law for a hearing on indigency under Rules 145(f) and 506.1(d). *See* Tex. R. App. P. 43.1; Tex. R. Civ. P. 145(f), 506.1(d).

REVERSED AND REMANDED.

JAY WRIGHT
Justice

Submitted on August 19, 2024
Opinion Delivered December 5, 2024

Before Johnson, Wright and Chambers, JJ.

15