

# NUMBER 13-24-00151-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ISIAH MONTES,                                                                            Appellant,

v.

CASITAS LANTANA,                                                                      Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron**
**Memorandum Opinion by Justice Cron**

In this forcible-detainer action, appellant, Isiah Montes, appeals the county court's order dismissing the case with prejudice. Because Montes failed to timely perfect his appeal from the justice court's dismissal order to the county court, *see* TEX. R. CIV. P. 4,

510.9(a), (f), we vacate the county court's order, and dismiss the case. *See* TEX. R. APP. P. 43.2(e).

## I. PERTINENT BACKGROUND

On May 2, 2023, appellee, Casitas Lantana, sought to evict Montes from a rental property in a Cameron County justice court. On June 28, 2023, the parties signed a Rule 11 agreement that included a mutual release "regarding any and all claims associated with this litigation" and an agreement to "execute and file an agreed Order of Dismissal of all claims based upon the fact [Montes] agrees to vacate the premises." On July 25, 2023, the justice court signed an order of dismissal without prejudice.

In an effort to appeal the justice court's dismissal order to a Cameron County county court, Montes filed a statement of inability to afford payment of court costs or an appeal bond on August 4, 2023.[1] Lantana filed a general denial, raised counterclaims, and sought to enforce the Rule 11 agreement in county court. Before a hearing, Montes filed a plea to the jurisdiction, asserting a number of things, but notably that the county court lacked jurisdiction based on mootness.

On February 7, 2024, a status hearing commenced. Montes appeared (pro se), Lantana was represented by counsel, and noted as "also present" was Bobby Wightman-Cervantes. At the outset, Montes asked if Mr. Wightman-Cervantes could speak on his behalf, which the county court denied:

| [Court]: | [A]nd Mr. Montes, you're first. Since you're the appellant, I'll let you go ahead and tell me why we're here. |

---

[1] We note that we are unable to clearly read the filing stamp on the Statement of Inability to Afford Payment of Court Costs itself but the certificate of service indicates it was filed on August 4, 2023.

2

| | |
|---|---|
| [Montes]: | I really, really don't understand, Your Honor. Like I really don't understand my—my—[Wightman-Cervantes is] the one that helps me with my Social Security. |
| [Court]: | We can hear you. You don't have to bend over. |
| [Montes]: | I wanted you to hear me, you know. |
| [Court]: | I can hear you. |
| [Montes]: | [Wightman-Cervantes] helps me out for my housing, my Social Security, with all my letters that come through my mail because I really—I get disability. I really don't understand, like, much—a lot of things, you know. But that's—that's what I know by—he can explain it way better to you as well if you let me—if he gives you the opportunity, you can let him tell you. |
| [The Court]: | Is he an attorney? No. I can't let him do that. I'm sorry. That would be practicing law without a license. |
| [Montes]: | Yes, sir. Well— |
| [Wightman-Cervantes]: | Your Honor, may I? |
| [The Court]: | No, sir. I'm sorry. |
| [Wightman-Cervantes]: | Okay. Sorry I didn't stand. |

Lantana then proceeded to give the county court some background information on the case, including that a dismissal order without prejudice had previously been entered. During this time, Wightman-Cervantes attempted to speak again:

| | |
|---|---|
| [The Court]: | Do you have any objection to the Order of Dismissal from the JP court? |
| [The Defendant[2]]: | That's— |
| [Wightman-Cervantes]: | He can't— |

---

[2] The record reflects "The Defendant."

3

| | |
|---|---|
| [The Reporter]: | I'm sorry? Who answered? |
| [Wightman-Cervantes]: | He can't read, Your Honor. |
| [The Court]: | It's got to be you, Mr. Montes. I'm sorry. No objection? |

Again, Lantana continued to give background information and explained that it was agreeable to a dismissal if this is what Montes wanted. Then after deciding it had jurisdiction, the county court inquired into how Montes wanted to proceed. And although still stating he did not understand, Montes indicated he wanted the case dismissed. Lantana then agreed to dismiss its counterclaims. After the following exchange, the county court concluded the dismissal would be with prejudice:

| | |
|---|---|
| [The Court]: | Okay. The court will grant the Motion to dismiss. The only question is whether it's with or without prejudice. What that means is if it's with prejudice, you can't bring it again. Having said that, your Rule 11 agreement specifically states, "In addition, the parties agree to mutually release each other regarding any and all claims associated with this litigation." So with your dismissal, the effect of that would be a motion—or a dismissal with prejudice. Do you understand that? |
| [Montes]: | Yes, sir. |

Said dismissal order was reduced to writing on February 12, 2024, and this appeal followed.

## II.    DISCUSSION

### A.    Request to Strike

#### i.    Initial Contention

As an initial matter and with reliance on our previous decision in *Swain v. Dobbs* Lantana requests that we strike Montes's notice of appeal contending that it was prepared

4

and filed by his non-attorney advocate in a representative capacity, and thus, we should dismiss the appeal. 692 S.W.3d 720 (Tex. App.—Corpus Christi–Edinburg 2023, no pet.). In support of its argument, Lantana directs us to portions of the record from the status hearing and a brief filed shortly after the status hearing.

Montes replies that Lantana's reliance on *Swain v. Dobbs* is without merit stating that the "appeal was signed by and filed by your Appellant, and no one else."

### ii. *Swain v. Dobbs*

We find *Swain v. Dobbs* to be factually distinguable. *See Swain*, 692 S.W.3d at 720. Relevantly, the appellant in *Swain* attempted to perfect her appeal in both her individual capacity and in her representative capacity (as executor of an estate) given that she filed and signed an amended notice of appeal, pro se. *See id*. at 728. Applying the law that "a notice of appeal filed by a non-attorney in a representative capacity is ineffective," *id*., we held that appellant's "pro se notice of appeal was perfected only as to [appellant] in her individual capacity, and not in her capacity as executor of the Estate of Richard Swain." *Id*. at 729.

Here, we are simply not presented with the same situation. *See id.* at 720. This appellant (as far as we can see) is before this Court in an individual capacity only. To elaborate, our plain review of Montes's amended notice of appeal shows only his typed signature: "/§/ Isiah T. Montes" on his behalf.[3]  *See id.* at 728 ("Rule 7 of the Texas Rules of Civil Procedure allows a person to represent himself or herself pro se only to litigate

---

[3] We observe that his original notice of appeal is not signed.

5

rights on his or her own behalf, not to litigate rights in a representative capacity." (citation omitted)).

And while we observe that Wightman-Cervantes attempted to speak at the status hearing on behalf of Montes, we cannot from there leap to strike Montes's notice of appeal as ineffective based on conjecture that Wightman-Cervantes (or any other person) prepared or filed his notice of appeal in this Court as his purported representative. *See id.* ("A notice of appeal filed by a non-attorney in a representative capacity is ineffective."); *see also* TEX. GOV'T CODE ANN. § 81.101(a) (defining the practice of law as the "preparation of a pleading or other document incident to an action or special proceeding or the management of the action or proceeding on behalf of a client before a judge in court"). Or said differently, we cannot conclude as asserted by Lantana that "[Montes's] notice of appeal should be striken due to it being solely created and executed by a non-attorney[.]" As referenced by Lantana in support of its request, we also reviewed the brief in the record, but said brief is unsigned. Accordingly, we deny Lantana's request to strike.

## B.    Jurisdiction

### i.    Jurisdictional Contentions

As we understand it, in his initial brief, Montes contends the county court made an error when it found it had jurisdiction over a moot case because Montes had moved out.[4] Opposing mootness, Lantana responds that the parties Rule 11 agreement supersedes

---

[4] Montes further argues that "JP courts have no subject matter jurisdiction in Section 8 cases unless the lawsuit for eviction complies with Federal Regulation Title 24 § 982.310 Owner termination of tenancy," but we conclude this contention is inadequately briefed. *See* TEX. R. APP. P. 38.1(i).

mootness. It further contends that a controversy still exists and both parties have a cognizable interest in how the case gets dismissed.

### ii. Timeliness

Acknowledging that the parties dispute this Court's jurisdiction on mootness grounds, we nevertheless first consider whether Montes timely perfected his appeal to county court. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) (per curiam) ("[A]ppellate courts do not have jurisdiction to address the merits of appeals from void orders or judgments; rather, they have jurisdiction only to determine that the order or judgment underlying the appeal is void and make appropriate orders based on that determination."); *Garg v. Pham*, 485 S.W.3d 91, 99 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("The time for filing a notice of appeal is jurisdictional, and absent a timely notice of appeal or an extension request, we must dismiss the appeal."); *see also Robles v. Rivera*, No. 05-17-00733-CV, 2018 WL 3120858, at *1–3 (Tex. App.— Dallas June 26, 2018, pet. denied) (mem. op.) (first addressing appellant's first challenge to the county court's jurisdiction based on appellant's assertion that appellee failed to timely perfect its appeal to the county court before proceeding to determine its own jurisdiction over appellant's second issue).

### iii. Standard of Review & Applicable Law

We are obligated to review *sua sponte* issues affecting jurisdiction. *M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (citation omitted); *see also Robles*, 2018 WL 3120858, at *1 ("[W]e have jurisdiction to determine whether the lower court had jurisdiction."). Whether a court has jurisdiction is a question of law we review de novo. *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020) (citation

omitted); *Pichini v. Fed. Nat'l Mortg. Ass'n*, 569 S.W.3d 192, 193 (Tex. App.—Houston [1st Dist.] 2018, no pet.) (reviewing a county court's dismissal of an appeal from a justice court under a de novo standard). The time for filing a notice of appeal is jurisdictional. *See Garg*, 485 S.W.3d at 99; *see also Caruso v. Young*, No. 13-16-00376-CV, 2017 WL 3634057, at *2 (Tex. App.—Corpus Christi–Edinburg Oct. 5, 2017, no pet.) (mem. op.).

"A party may appeal a judgment in an eviction case by filing a bond, making a cash deposit, or filing a Statement of Inability to Afford Payment of Court Costs with the justice court within five days after the judgment is signed." TEX. R. CIV. P. 510.9(a); *see Mohammed v. D. 1050 Rankin, Inc.*, 464 S.W.3d 737, 743 (Tex. App.—Houston [1st Dist.] 2014, no pet.) ("Under the new justice court eviction procedure, a party has 5 days to appeal an adverse ruling." (citation omitted)). "An appeal of a a justice court's ruling is perfected when a bond, cash deposit, or statement of inability to pay is filed in accordance with this rule." TEX. R. CIV. P. 510.9(f); *see also Caruso*, 2017 WL 3634057, at *2 ("In an eviction case, an appellant perfects an appeal from justice court by filing a bond, cash deposit, or statement of inability to pay with the justice court within five days after the court signs the judgment.") (citations omitted)). Rule 500.5 provides that the time period excludes the day that the trial court signed the judgment and includes the last day of the period, but extends the period to the next business day if the last day is a Saturday, Sunday or legal holiday. *See* TEX. R. CIV. P. 500.5, 510.2. But "Saturdays, Sundays, and legal holidays shall not be counted for any purpose in any time period of five days or less in these rules." *Id*. at R. 4.

### iv. Analysis

Here, Montes failed to timely perfect his appeal from the justice court's dismissal order to the county court because the record shows that the justice court signed its dismissal order on July 25, 2023, and 8 days later (excluding from the count the days of the weekend), on August 4, 2023, Montes filed his statement of inability to afford payment of court costs or an appeal bond. *See* TEX. R. CIV. P. 4, 510.9(a), (f); TEX. PROP. CODE ANN. § 24.0052(a) (stating that a tenant in a residential eviction suit may appeal by filing pauper's affidavit "not later than the fifth day after the date the judgment is signed"). *Compare Caruso*, 2017 WL 3634057, at *3 (concluding appellants notice of appeal filed on April 7, 2015, was untimely where the justice court signed its judgment on March 17, 2015, making the deadline on or before March 24, 2015), *with Brown v. Hawkins*, No. 05-16-01427, 2018 WL 1312467, at *3–4 (Tex. App.—Dallas Mar 14, 2018, no pet.) (mem. op.) (agreeing that appellant's appeal to county court was timely after explaining that the justice court rendered judgment on June 28, 2016, and since the fifth day fell on a Sunday and the following day was a legal holiday, the July 5 filing was thus, timely).

As such, we conclude the county court's order dismissing the case with prejudice was void. *See Ritchey v. Vasquez*, 986 S.W.2d 611, 612 (Tex. 1999) (per curiam) ("[I]t is well established that a dismissal with prejudice functions as a final determination on the merits." (citation omitted)); *State ex rel. Latty v. Owens*, 907 S.W.2d 484, 485 (Tex. 1995) ("A judgment is void only when it is clear that the court rendering the judgment had no jurisdiction over the parties or subject matter, no jurisdiction to render judgment, or no capacity to act as a court."); *see also Ruffin v. Grassano Props. Inc.*, No. 09-22-00422-

9

CV, 2024 WL 4986065, at *3 (Tex. App.—Beaumont Dec. 5, 2024, no pet.) (mem. op.) ("A court's order is void to the extent that the court lacked capacity or jurisdiction to render the order."). Accordingly, we vacate the county court's order and dismiss the case. *See* TEX. R. APP. P. 43.2(e); *see also* TEX. R. CIV. P. 500.5(c) ("The [justice court] may, for good cause shown, extend any time period under these rules except those relating to new trial and appeal."); TEX. R. APP. P. 2 ("On a party's motion or on its own initative an appellate court may . . . suspend a rule's operation . . . ; but a court must not construe this rule . . . to alter the time for perfecting an appeal in a civil case.").

### III. CONCLUSION

We vacate the county court's order of dismissal with prejudice and dismiss the case.[5] *See* TEX. R. APP. P. 43.2(e). Further, we deny all pending requests for sanctions.

JENNY CRON
Justice

Delivered and filed on the
1st day of May, 2025.

---

[5] Given our disposition, we deny Lantana's request for damages based on a frivolous appeal, and we deny Montes's contention raised is his supplement to his reply that "an issue in this case is how Appellant's ADA advocate has been treated." *See* TEX. R. APP. P. 47.1.

10